## CAMPBELL v. NIXON ET AL.

[No. 3,005.   Filed Feb. 20, 1900.   Rehearing denied June 8, 1900.]

BILLS AND NOTES. — *Indorsement After Maturity.* — If negotiable promissory notes given for rent are surrendered for the use of the lessee, or for cancelation, the subsequent indorsement of such notes by the lessor after maturity confers no right of action upon the indorsee.  *p. 93.*

NEW TRIAL.—*Newly Discovered Evidence.*—A new trial will not be granted on account of newly discovered evidence, unless such evidence would be competent upon a second trial of the case. *pp. 93, 94.*

SAME.—*Newly Discovered Evidence.—Affidavit.—Diligence.*—A statement in an affidavit in support of a supplemental motion for a new trial on the ground of newly discovered evidence, that plaintiff "could not, with reasonable diligence, have discovered and produced said evidence at the trial of the cause, or at the time of filing said motion for a new trial of the same," is not a sufficient showing of diligence.  *pp. 93, 94.*

From the Marion Superior Court.   *Affirmed.*

*J. B. McFadden* and *G. W. Spahr,* for appellant.
*A. V. Brown* and *C. O. Britton,* for appellees.

HENLEY, J.—This cause is here for the second time. The opinion upon the former appeal is found in 2 Ind. App. 463. Upon the first appeal the judgment was reversed because of a defective special finding of facts and a *venire de novo* was awarded. This was an action upon two prom-

issory notes executed by appellees, William R. and John Nixon, to one Hannah C. Stewart. The notes passed into appellant's hands after maturity. Appellees answered separately. The trial resulted in favor of the makers of the notes. Appellant's motion for a new trial was overruled. The fourth paragraph of the separate answer of John Nixon presented the facts upon which appellees relied to defeat appellant's action. This answer averred that the notes sued upon in this action were executed by appellee William R. Nixon as principal, and appellee John Nixon as surety, for the rent of a certain farm in Shelby county, Indiana; that said farm was leased under a written contract for one year from the first day of March, 1886, a copy of which rental contract is made a part of the answer. It is provided in this contract that the lease shall continue for one year from March 1, 1886 until March 1, 1887, the consideration therefor being $125, $65 to be paid on the first of September, 1886, and $60 on the 15th day of December, 1886. The said William R. Nixon, the lessee, was to give his notes for said payments to the lessor, Hannah C. Stewart, which notes were to be secured by approved personal security and were to bear eight per cent. interest after maturity and attorney's fees. The other provisions of the lease it is not necessary to set out. It is further averred that said lease or written contract and said notes were simultaneously executed and constituted one contract. Afterwards, to wit, on the 23rd day of September, 1886, the lessor, the said Hannah C. Stewart, commenced an action against the lessee, the appellee William R. Nixon, for the possession of the leased premises and for damages; said action was commenced before one Thomas Beynon, an acting justice of the peace within and for Shelby county, State of Indiana, and said lease was made a part of the complaint in said action. A copy of the complaint in said action was filed with and made a part of the answer. In said complaint it is averred that the lessor served a notice in writing on the lessee on

the 5th day of September, 1886, requesting him to pay said rent, which was then due, within ten days, and in default thereof to deliver to her the possession of the leased premises; that the ten days had expired before the commencement of the action, and the lessee had failed to pay the rent and still unlawfully and wrongfully held possession of the premises and kept the lessor out of the possession thereof, to her damage in the sum of $100. A copy of the notice served is also made a part of this complaint. The lessor demanded judgment for the possession of the premises, $100 damages for the unlawful detention of her property, etc. The answer then avers that such further proceedings were had in said suit before said justice of the peace, that on the 4th day of October, 1886, the said Hannah C. Stewart obtained a judgment against the said William R. Nixon for the immediate possession of said leased premises and $100 damages, and all costs accrued and to accrue in said cause; and that on the 5th day of October, 1886, the said justice before whom said judgment was obtained, issued and delivered to one Simon R. Roberts, as constable, a writ of ejectment commanding said constable to remove the said William R. Nixon from said leased premises and to collect the costs and damages awarded against him by said justice, and that said constable under and by virtue of said writ ejected the said William R. Nixon and removed him and his effects off of said leased premises and placed said Hannah C. Stewart in full possession of said farm, and on the 7th day of October, 1886, said constable made return on said writ, which return showed the facts as aforesaid. And it further showed that he had collected the said judgment of $100 and costs in full, and said constable filed with the said justice the receipt of the said Hannah C. Stewart for the judgment in full and acknowledging the possession of said farm, which receipt was signed by the said Hannah C. Stewart. It is then averred that the judgment was in fact paid in full, and that at the time of the trial of said

Campbell *v.* Nixon.

cause before the said justice of the peace, the said two notes, which were the notes herein sued on, were both surrendered and delivered to said justice of the peace, together with said written lease, by said · Hannah C. Stewart, and that they remained on file in the hands of said justice of the peace for for a period of nearly one year, and the said Hannah C. Stewart has never claimed any further interest or ownership in the said notes in suit or either of them. An answer alleging the same facts was filed by appellee, William R. Nixon.

We think the opinion upon the former appeal settles the question as to the sufficiency of this answer. It is therein held: "Notwithstanding the fact that the notes were negotiable by the law merchant, if in an action by the lessor against the lessee the notes, still in the hands of the former, were treated by the parties, and by the court, as collateral security for the rent, and were surrendered for the use of the lessee, or for cancelation, the subsequent indorsement of the notes by the lessor, after their maturity, could confer no right of action upon the indorsee." *Campbell* v. *Nixon,* 2 Ind. App. 463. And if the notes in suit were brought into the trial and delivered to the justice, or filed for the use of the lessee, or surrendered as the result or as a part of the action for possession, neither the lessor nor her indorsee could maintain an action upon said notes against the lessee. *Campbell* v. *Nixon, supra.* The answer was sufficient. The lower court did not err in overruling the demurrer thereto.

The questions arising upon the motion for a new trial relate to the admissibility of certain evidence and the refusal of the court to grant a new trial upon newly discovered evidence. We have carefully considered the objections made by appellant's counsel as to the admissibility of the evidence complained of, and find no erroneous ruling of the lower court in this regard. The supplemental motion for a new trial is based upon newly discovered evidence. A new trial will not be granted on account of newly discovered evi-

dence unless such evidence would be competent upon a retrial of the cause. But conceding that the newly discovered evidence might be competent upon a retrial of this cause, still a new trial could not be granted because the affidavit filed in support of the motion does not show diligence upon the part of appellant. That part of the affidavit by which diligence is attempted to be shown is as follows: "That he could not, with reasonable diligence, have discovered and produced said evidence at the trial of the cause or at the time of filing said motion for a new trial of the same." The general statement that reasonable or due diligence had been used to discover the new evidence is not sufficient; it is necessary that the facts, constituting the diligence used, be set out in the affidavit so that the court can decide whether due diligence was used. *Keisling* v. *Readle,* 1 Ind. App. 240; *Kelley* v. *Kelley,* 8 Ind. App. 606.

The evidence produced upon the trial of this cause was sufficient in every respect to support the finding and judgment of the lower court. Judgment affirmed.