CRAIG BLEDSOE *v.* STATE OF INDIANA.

[No. 674S115. Filed June 16, 1975.]

*Jan E. Helbert, Eisele, Helbert & York*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Harry John Watson, III,* Deputy Attorney General, for appellee.

PRENTICE, J.—The defendant (appellant) was convicted of inflicting an injury with a deadly weapon while engaged in the commission of a robbery. (Acts 1941, ch. 148, § 6, Burns

§ 10-4101, Ind. Code § 35-13-4-6.) He was sentenced to life imprisonment. His appeal presents the following issues:

1. Sufficiency of the evidence.

2. Denial of due process, in that a defense witness, by clerical error of the court, had been subpoenaed for a date thirty days subsequent to the trial date and, consequently, was not present.

ISSUE I. The challenge to the sufficiency of the evidence concerns the identification testimony of State's witnesses, in the light of alibi evidence presented by the defense. The defendant was identified in court by the victim of the injury and his companions, who were also robbed in the incident. All testified unequivocally that the defendant was the person who committed the crimes, although each admitted that the descriptions they had previously given of the robber were erroneous with respect to his approximate height, weight and hair style. We note that the variances as to height and weight were not so great as to raise grave doubts and that the difference in hair style could easily be accounted for in a variety of ways. We also consider the evidence that the defendant is right-handed, whereas the robber held the weapon in his left hand, to be uncompelling.

Defendant has placed considerable reliance upon the failure of the State to impeach the alibi testimony and testimony supplied, in the main, by himself, that pointed the finger of suspicion directly towards an acquaintance. We hasten to point out that the testimony of the three victims identifying the defendant as the culprit was a direct contradiction of the alibi testimony and also rendered the defendant's protestations highly suspect. The jury is not necessarily required to believe alibi evidence, although unimpeached. If other evidence is in conflict with it, the matter is one of weight and credibility. *Stephens* v. *State*, (1973) 260 Ind. 326, 295 N.E.2d 622; *Cole* v. *State*, (1966) 247 Ind. 451, 215 N.E.2d 865.

In substance, we have here another case of conflicting testimony and not a conviction resting upon evidence so frail that it can not be said to be substantial and probative. The jury, as the trier of facts, was the judge of the credibility of the witnesses and the weight of the evidence. *Hubble* v. *State*, (1973) 260 Ind. 655, 299 N.E.2d 612; *Williams* v. *State*, (1973) 260 Ind. 543, 297 N.E.2d 805; *Bright* v. *State*, (1972) 259 Ind. 495, 289 N.E.2d 128; *Richardson* v. *State*, (1972) 258 Ind. 607, 283 N.E.2d 361; *Newman* v. *State*, (1972) 257 Ind. 691, 278 N.E.2d 573. When we review the evidence presented, in the light most favorable to the State and the inferences that could reasonably be drawn therefrom, it clearly was sufficient to warrant a reasonable mind in concluding, beyond a reasonable doubt, that the defendant was guilty.

ISSUE II. One Dwight Haynes was the acquaintance of the defendant above mentioned and whom, according to the defendant, was a suspect more likely than himself. Haynes was an inmate of the State Reformatory during the trial and the preparatory period. The defendant asserts that he had had Haynes subpoenaed pursuant to statute, (Acts 1905, ch. 169, § 255, Burns § 9-1623, Ind. Code § 35-1-33-1) but that due to a clerical error, not the fault of the defendant or his counsel, the command of the subpoena was for February 21st, rather than for January 21st. He argues that the failure of the court to have the witness present was a denial of due process. Acknowledging that the failure to move for a continuance or to object at the trial to the nonappearance of a witness is an abandonment of the efforts to secure such witness, the defendant, nevertheless, seeks to avoid such result by showing that he was incarcerated and had requested an early trial under Ind. R. Crim. P. 4(B) and could not request a continuance without occasioning a delay for which he would have been chargeable.

There are numerous reasons why the defendant's position upon this issue is without merit.

We first note that there is nothing in the record to support the defendant's claim that he had requested that the witness be subpoenaed, or that the error was that of court personnel. In considering cases upon appeal, we are confined to the record before us. *State* v. *Maplewood Heights Corp.,* (1973) 261 Ind. 305, 302 N.E.2d 782; *Cooper* v. *State,* (1972) 259 Ind. 107, 284 N.E.2d 799; *Turner* v. *State,* (1972) 259 Ind. 344, 287 N.E.2d 339.

There has been no showing as to when the defendant first discovered that his witness had been called for an incorrect day, that he made any effort, upon such discovery, to have a corrected process issue, that the witness could not have been procured without occasioning a delay, that such a delay, if any, would have caused a continuance beyond the "early trial motion" deadline or even that such a delay would have been chargeable to him. It boggles the mind to assume that one standing trial upon a serious charge would forego the presentation of relevant and persuasive evidence in preference to a brief delay in the proceedings.

Assuming a record supporting the defendant's claims he, nevertheless, would not be entitled to relief, because he has failed to show how he was harmed by the absence of the witness. The circumstances complained of, it is charged, precluded the presentation of critical evidence. The situation, therefore, is the same as that prevailing when one seeks a new trial by reason of newly discovered evidence, and it appears that the same rules should apply. These require a showing of reasonable diligence in procuring the evidence at the trial (*Taylor* v. *State,* (1971) 256 Ind. 92, 267 N.E.2d 60, *Farley* v. *State,* (1962) 243 Ind. 445, 185 N.E.2d 414) that such evidence is competent, (*Jones* v. *State,* (1974) 262 Ind. 194, 312 N.E.2d 856, *Campbell* v. *Nixon,* (1900) 25 Ind. App. 90, 56 N.E. 248) and relevant (*Davis* v. *The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.,* (1894) 140 Ind. 468 at 471, 39 N.E. 495) and be not merely cumulative or impeaching (*Bradburn* v. *State,* (1971) 256 Ind. 453, 269 N.E.2d 539,

*Spears* v. *State,* (1970) 253 Ind. 364, 254 N.E.2d 196, *Maverick* v. *State,* (1965) 247 Ind. 77, 210 N.E.2d 426, *Ward* v. *State,* (1956) 235 Ind. 531, 135 N.E.2d 509), but rather of such a character and so convincing as to raise a reasonable inference that its introduction, upon retrial, would bring about a different result. *(Williams* v. *State,* (1973) 261 Ind. 385, 304 N.E.2d 311; *Jones* v. *State, supra; Bradurn* v. *State, supra; Taylor* v. *State, supra; Spears* v. *State, supra; Maverick* v. *State, supra.)*

Other than to have caused the issuance of a subpoena, there is no showing or claim that the defendant took any steps to procure the witness at the trial. No recess or other special assistance from the court was requested. There has been no showing of the testimony that would have been forthcoming from the absent witness or of the relevance his testimony would have had. The only claim made by the defendant is that the presence of the witness would have illustrated to the jury that such witness more nearly fit the description of the robber that was first given by the witnesses than did the defendant. Assuming such to be the case—a proposition in no way substantiated—in view of the witnesses' unequivocal identification of the defendant at the trial, it can hardly be said that the likelihood of such evidence altering the result upon a new trial would be anything but speculative.

The judgment of the trial court is affirmed.

Givan, C.J. and Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 329 N.E.2d 592.