MICHAEL JAMES MCKINLEY *v.* STATE OF INDIANA.

[No. 877S590. Filed August 29, 1978.]

*Noble R. Pearcy,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert J. Black,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Michael McKinley, was convicted by a jury of two counts of commission of a felony while armed, to-wit: robbery, Ind. Code § 35-12-1-1 (Burns 1975). He was sentenced to thirty years in prison. This direct appeal raises only the issues of the correctness of the trial court's reasonable doubt instruction and the refusal of the reasonable doubt instruction tendered by the defendant.

The trial court did not give the standard reasonable doubt instruction but gave the following preliminary instruction number 5a:

> "A reasonable doubt is a doubt that is based upon reason and common sense. It is one which may reasonably arise from the evidence, or from the lack of evidence, or from a conflict of the evidence. It exists if you are uncertain of guilt or if you can only guess or speculate as to guilt.
> "On the other hand, reasonable doubt is not created by a lack of proof to an absolute certainty, for this is rarely possible. Nor does it arise from the mere possibility of error or mistake or from the fact that you may find some doubt, because in any human activity there always exists the mere possibility of error or mistake, and you may always find some doubt if you look for it.
> "You may find guilt beyond a reasonable doubt from all of the evidence if you are convinced that the Defendant did commit the crime rather than probably did; if you are truly convinced of the Defendant's guilt rather than only somewhat convinced; if you are convinced to a reasonable certainty rather than only fairly certain. If you are not so convinced of the guilt of the Defendant, then you should return a verdict of Not Guilty."

Defendant contends that this instruction is erroneous because it stresses only the "doubt" aspect of the rule and does

not set out the "degree of certainty" needed to overcome a reasonable doubt. Defendant also tendered his own instruction on reasonable doubt which was based on the long approved language of *Baker* v. *State,* (1956) 236 Ind. 55, 138 N.E.2d 641, and which he contends more adequately covers the issue of "degree of certainty."

The defendant's contention is essentially that the court's instruction is not complete. However, the last paragraph of this instruction contains several guidelines for the degree of certainty necessary to overcome reasonable doubt. It suggests to a juror that he must reach some firm degree of certainty of the guilt of the defendant before he can say he is convinced beyond a reasonable doubt.

This Court has recently held that while it is wiser to employ the conventional language defining reasonable doubt, it is not only that language which will adequately instruct the jury. *Brown* v. *State,* (1977) 266 Ind. 82, 360 N.E.2d 830. It is true, as petitioner points out, that the Court of Appeals, Second District, has held that instructions on reasonable doubt must address both the doubt and the degree of certainty needed to find reasonable doubt. *Toliver* v. *State,* (1976) Ind. App., 355 N.E.2d 856. In the instant case, we find that the trial court's instruction did adequately deal with the degree of certainty needed when it instructed the jury that they must be "truly convinced" rather than only "somewhat convinced" and "reasonably" certain rather than only "fairly" certain.

This Court has long recognized that the term "reasonable doubt" is not easily defined. *Brown* v. *State, supra.* The definition employed by the trial court in the instant case was adequate. However, we believe that the trial courts would better serve the administration of justice if they would address themselves to a consideration of the pattern criminal instructions which are available to all courts and thereby

minimize the discussion of semantics which is present in this type of appeal.

The defendant further contends that his tendered instruction would have supplemented the court's instruction and should not have been refused. Since we have already found that the trial court's instruction adequately covered the definition of reasonable doubt, the court correctly rejected the tendered instruction. It is not error to refuse to give an instruction when its substance is covered by another instruction which is given. *Vacendak* v. *State,* (1976) 264 Ind. 101, 340 N.E.2d 352; *Hash* v. *State,* (1972) 258 Ind. 692, 284 N.E.2d 770.

Especially, in view of the overwhelming evidence of guilt in this case, there was no need for the trial court to have given a supplemental instruction with boilerplate language on the definition of reasonable doubt when the rule on reasonable doubt was already covered by the court's instruction. *Hash, supra.*

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 379 N.E.2d 968.