Michael J. McKINLEY, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 779S206.

Supreme Court of Indiana.

March 12, 1980.

Harriette Bailey Conn, Public Defender, Carr L. Darden, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Petitioner sought post-conviction relief in the Marion Superior Court, Criminal Division, Room 4, under Ind.R.P.C. 1. He now appeals the denial of that relief to this Court under Ind.R.P.C. 1, § 7.

Petitioner had been convicted by a jury of two counts of armed robbery, Ind.Code § 35–13–4–6 (Burns 1975) on February 8, 1977. The jury set the sentences at ten years on count I and twenty years on count II, and the court determined that the sentences should run consecutively. These convictions were affirmed by this Court. *McKinley v. State,* (1978) Ind., 379 N.E.2d 968. The evidence in the record of the original trial indicates that petitioner and an accomplice entered the Norwaldo Pharmacy in Indianapolis, Indiana, at approximately 6:30 p. m. on October 6, 1976. Petitioner brandished a handgun and ordered Ruth Steinkeler, the cashier at the store and wife of the owner, to empty the cash

register into a drawer. Petitioner then took a wallet from Herman Steinkeler, the sole proprietor of the Norwaldo Pharmacy, and ordered him to turn over store money and his personal wristwatch. Petitioner contends that the robbery of Mr. Steinkeler's personal belongings and money of the Norwaldo Pharmacy, a sole proprietorship owned by Mr. Steinkeler, constituted only one armed robbery under the "single larceny doctrine" as applied in two recent decisions of this Court. *Williams v. State,* (1979) Ind., 395 N.E.2d 239; *Rogers v. State,* (1979) Ind., 396 N.E.2d 348.

In *Williams v. State, supra,* the defendant took a bank's money from each of four tellers. The defendant was convicted of four counts of armed robbery and this Court reversed three of the convictions, stating:

> "We hold that an individual who robs a business establishment, taking that business's money from four employees, can be convicted of only one count of armed robbery . . . ." 395 N.E.2d at 248–9.

In *Rogers v. State, supra,* the defendant was convicted of two counts of armed robbery for robbing two employees of a market. Again this Court reversed one conviction, stating:

> "The *Williams* case is logically controlling when a robber takes a grocery's money from each of two employees in a holdup." 396 N.E.2d at 355.

Logically, if we were faced with a situation in which a robber took a pharmacy's money from the proprietor and an employee in a holdup, we would again find *Williams v. State, supra,* controlling. However, that is not the situation presented in the case at bar. Petitioner would have us hold that only Herman Steinkeler, the individual, was robbed. Petitioner stresses that the wallet, the wristwatch and the Norwaldo Pharmacy, and its receipts, were all the personal property of Herman Steinkeler. If Mr. Steinkeler had incorporated his pharmacy or if he had set it up as a partnership, the receipts of the business would be easily distinguishable from his personal belongings. Our holding in *Williams v. State, supra,* was couched in terms of "business establishment" and the "business's money." There was no express requirement that the business entity be a separate "person" as is a corporation or partnership.

The Norwaldo Pharmacy is a business establishment. The robbery of that business in the case at bar constituted one count of armed robbery. This is not a case in which a defendant robbed an individual of various belongings in a personal setting. Rather, petitioner robbed a business, an impersonal setting to anyone other than a regular customer. When petitioner relieved the store owner of his personal wristwatch and wallet, his actions took on a different character. He wronged an individual by robbing both that individual and that individual's business. The record reveals that after he took the watch from Mr. Steinkeler, petitioner kicked Mr. Steinkeler in the face. We do not find that "stripped down to the basic reality" the robbery of the pharmacy and Herman Steinkeler "constituted a unitary transaction." *United States v. Hopkins,* (1972) 150 U.S.App.D.C. 307, 314, 464 F.2d 816, 823.

For the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., dissents.