Jerome YOUNG, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1178S273.

Supreme Court of Indiana.

Sept. 5, 1980.

Patricia A. Woodworth, Karnowsky & Barratt, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of two counts of Armed Robbery and one count of Inflicting Physical Injury During the Commission of a Robbery. He was sentenced to imprisonment for twenty (20) years upon Count I Robbery and to life imprisonment upon Count III, Inflicting Injury. His direct appeal presents four issues, to—wit:

(1) Did the trial court err in overruling the defendant's motion in limine as to certain evidence and in subsequently admitting such evidence, over objection grounded upon a claim of irrelevance?

(2) Was the evidence sufficient to sustain the verdicts?

(3) Was the verdict on Count III contrary to law, as not being upon the offense charged?

(4) Did the trial court err in sentencing the defendant upon both Counts I and III?

The evidence adduced at trial and the reasonable inferences to be drawn therefrom disclosed that the defendant and Kevin Hill entered the Quality Inn North Motel in Indianapolis at approximately 2:30 a. m. on July 1, 1977. They jumped over the Clerk's counter and the defendant demanded that the Clerk, Leslie Cherry, "give him all the money." Hill went to an office behind the counter and confronted Tom Schneider, a security guard for the Motel. Both the defendant and Hill were armed with sawed—off weapons. Schneider encountered Hill physically, disarmed him and restrained him but immediately released him under threat from the defendant that he would kill Cherry. Thereupon, Hill struck Schneider on the head with the barrel of the sawed—off shotgun and took Schneider's pistol from the desk where it lay. The defendant and Hill then fled with the Motel's money and Schneider's pistol. Schneider pursued and saw them enter a late model white Thunderbird automobile

and drive away. Schneider looked for the automobile license number, but there was no license plate affixed to the vehicle at the customary place.

## ISSUE I

It is not the office of a motion in limine to obtain a final ruling upon the ultimate admissibility of evidence. *Lagenour v. State*, (1978) 268 Ind. 441, 450, 376 N.E.2d 475. The Court's denial of defendant's motion in limine, therefore, is not here subject to our review. However, the evidence sought to be excluded was properly objected to at the time it was offered at trial and was admitted over such objection. The correctness of that ruling is here challenged and reaches the same issues presented by the limine motion.

The accomplice's home had been searched with his permission. The search produced several items which were admitted over the defendant's objection but they were irrelevant. These items were a hack saw, shotgun shells, twenty—two caliber rifle ammunition, a rifle stock and a portion of a twenty—two caliber rifle barrel.

Subsequent to the robbery, a stolen, white 1974 model Thunderbird automobile was found in the parking lot of the apartment complex where Hill resided. No regular license plate was affixed to it, but inside the rear window, a cardboard temporary dealer's plate was displayed. The cardboard license plate bore the defendant's fingerprints.

Paraphernalia taken from Hill's apartment was of the type utilized in the robbery. Its presence in Hill's home supported testimony that he was one of the robbers. Evidence that was relevant as to Hill was *per se* relevant as to the defendant, inasmuch as it was shown that the robbery was a joint undertaking.

The paper license plate was relevant because it connected Defendant to a vehicle that answered the description of the one employed in the robbery.

Relevance is the logical tendency to prove a material fact. The absence of a

direct link goes only to the weight of the evidence and not to its admissibility. *Lamar v. State*, (1977) 266 Ind. 689, 366 N.E.2d 652; *Fultz v. State*, (1976) 265 Ind. 626, 358 N.E.2d 123. The defendant's argument that the exhibits were not sufficiently connected with him or to the crimes charged is without merit, as is the argument that Hill had been previously convicted and was not then on trial.

## ISSUE II

■■ To support his claim that the evidence was insufficient as to the armed robbery conviction, Count I, Defendant contends that there was no evidence that he was armed and further argues that the Motel Clerk, Cherry, had made only an in–court identification of him. In so doing, Defendant fails to recognize that he is asking us to reweigh the evidence. Although Cherry testified that she saw only the barrel of the gun held in a paper sack by the defendant, in context this was sufficient evidence from which a reasonable man could find, beyond a reasonable doubt, that the defendant was armed with a deadly weapon. Likewise, that Cherry had been unable to identify the defendant from prior photographic displays went only to the weight of her in–court identification. On appeal, this Court will not weigh the evidence nor judge the credibility of the witnesses. *Robinson v. State*, (1976) 266 Ind. 604, 362 N.E.2d 1218, *cert. den.*, (1977) 434 U.S. 973, 98 S.Ct. 527, 54 L.Ed.2d 463. Only the evidence most favorable to the State and all reasonable inferences to be drawn therefrom will be considered to determine if there existed sufficient evidence of probative value to support the determination of guilt beyond a reasonable doubt. *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831.

■ With respect to Defendant's claim that the evidence was insufficient upon the charge of inflicting injury, Count III, the defendant points out that the evidence was that Hill, not he, injured the security guard and that their presence at the commission of a felony does not make one an accessory.

"A defendant is responsible for the acts of his confederates as well as his own. It is not essential that participation of any one defendant in each element of the robbery be established. Here the appellants acted in unison. Any act of one is attributable to them all. * * * It is immaterial whether Cline personally took anything of value, since the evidence is sufficient to establish that his confederates did."

*Cline et al. v. State*, (1969) 253 Ind. 264, 267, 252 N.E.2d 793.

■ As to both Counts I and III, the defendant further argues that his alibi evidence was not refuted, which is true. However, the State is not required to negate alibi evidence but may rely upon its evidence in chief. If the evidence is conflicting, the trier of fact is not required to believe the alibi. The matter is one of weight and credibility. *Bledsoe v. State*, (1975) 263 Ind. 265, 329 N.E.2d 592; *Stephens v. State*, (1973) 260 Ind. 326, 295 N.E.2d 622.

## ISSUE III

■ The defendant was charged in Count III with inflicting physical injury upon Schneider, the security guard. The verdict form supplied to the jury by the court was as follows:

"We, the Jury, find the defendant Jerome A. Young, a/k/a David A. Young, guilty of the crime of Inflicting Physical Injury During Robbery as charged in Count Three of the Information."

The jury altered the submitted form by deletions and additions and returned the following verdict:

"We, the Jury, find the defendant, Jerome A. Young, a/k/a David A. Young, guilty of aiding and abetting an accomplice who inflicted physical injury during robbery as charged in Count Three of the Information."

The defendant contends that the verdict is defective in that it is not a finding upon the count charged. We find no inconsistency between the information and the verdict.

Under the law as it existed at the time of the offense and time of trial, an accomplice could be charged, tried and convicted in the same manner as the principal. Ind.Code § 35–1–29–1. The alterations in the verdict form were, therefore, a mere technicality. Under the statute, it was immaterial whether the defendant was the actual perpetrator of the crime or an accomplice. The alterations in the verdict form were unnecessary, but as returned, the verdict was neither ambiguous nor inconsistent with the charging information or the evidence.

### ISSUE IV

Defendant charges that sentencing him upon both Counts I and III was contrary to law because the two Counts arose from the same transaction, citing *Williams v. State*, (1979) Ind., 395 N.E.2d 239 and *Rogers v. State*, (1979) Ind., 396 N.E.2d 348. These cases were not determined upon the "single transaction" or "one occurrence" basis, however. Rather, it was the rationale in both of those cases that although property had been taken from two individuals in the same occurrence, it belonged to but one entity. The case before us is controlled by *McKinley v. State*, (1980) Ind., 400 N.E.2d 1378 and *Elmore v. State*, (1978) Ind., 382 N.E.2d 893. *McKinley v. State, supra,* was distinguished from the *Williams* and *Rogers* cases upon the basis that property, although taken in one occurrence, was the property of two separate entities and was taken from two separate persons.

Two robberies occurred, in that the Motel entity money was taken from the Clerk, Cherry, and the security guard's gun was taken from him. Count III, Inflicting Injury, was charged as having occurred in the commission of Count II, the robbery of Schneider, the guard. It could have as well been charged as occurring in the commission of the robbery of Cherry, as both robberies were occurring simultaneously. Defendant could not have been and was not sentenced upon both Counts II and III, because under *Elmore*, Count II was included in Count III. *Hill v. State*, (1979) Ind., 394 N.E.2d 132. Although Count III was also an incident of the occurrence of Count I, Count I was not included in Count III under *Elmore v. State, supra*. It was not necessary to prove Count I in order to prove Count III, hence there was no error in sentencing the defendant upon both the verdict on Count III and the verdict on Count I.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., not participating.