Anthony LASH, Appellant,

v.

STATE of Indiana, Appellee.

No. 382S96.

Supreme Court of Indiana.

April 13, 1982.

Harriette Bailey Conn, Public Defender, Carr L. Darden, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This case comes to us on a transfer petition from the Court of Appeals, Second District. Defendant-appellant Lash was convicted by a jury on three counts of armed robbery and sentenced to three consecutive ten year terms. On appeal, his conviction was affirmed in *Lash v. State*, (1977) Ind.App., 367 N.E.2d 10. In this action defendant Lash filed a petition for relief un-

der Ind.R.P.C. 1. Appellant sought post-conviction relief on two grounds: (1) whether robbery from one person of both personal property and property held for a business entity constitutes two offenses of armed robbery; and (2) whether the trial court erred in sentencing him to serve consecutively jury imposed penalties of ten years determinate on each of three counts of armed robbery.

■ The facts necessary for disposition of these issues appear to be that on September 21, 1975, Lash and two others entered Maria's Pizza, Inc. They held employees Ruby Lewis and Adean McCollon at gunpoint and took cash register receipts, belonging to Maria's Pizza, Inc., from Ruby Lewis, personal property from Ruby Lewis, and personal property from Adean McCollon. The trial court denied post-conviction relief. On appeal, the Court of Appeals found that since the cash register was in the custody of Ruby Lewis, there could only be one robbery of that employee, even though her personal property was taken along with the cash register receipts. Therefore, the Court of Appeals ordered one conviction for robbery to be set aside. Chief Judge Buchanan dissented from the majority opinion, stating that the finding of guilty on all three counts of robbery was correct. The State of Indiana petitions this court to transfer this case and set aside the judgment of the Court of Appeals. We agree with Chief Judge Buchanan's analysis and accordingly vacate the opinion of the Court of Appeals found at Ind.App., 414 N.E.2d 338.

This case presents the same set of facts we faced in *McKinley v. State*, (1980) Ind., 400 N.E.2d 1378, where we affirmed the conviction of two counts of armed robbery under circumstances such as this. In *McKinley*, the Norwaldo Pharmacy was robbed and both property of the business and personal property of Mr. Steinkeler were taken. Mr. Steinkeler was the sole proprietor of Norwaldo Pharmacy. We held that the robbery of the business, Norwaldo Pharmacy, constituted one case of armed robbery. The taking of the personal

wristwatch and wallet of the store owner constituted another and separate robbery. The same is also true of *Hatcher v. State*, (1980) Ind., 410 N.E.2d 1187. There defendant took the personal funds and the wristwatch of Virgil Kellermeyer, a store employee, and the personal funds of Bernard Goldman, the owner. His accomplice took funds of the clothing store from its custodian, Grace Nooe. We found that three robberies occurred with three victims, Kellermeyer, Goldman, and the business establishment. These holdings are consistent with our opinion in *Williams v. State*, (1979) Ind., 395 N.E.2d 239, where we held that an individual who robs a business establishment and takes that business' money from four employees could be convicted of only one count of robbery. *Rogers v. State*, (1979) Ind., 396 N.E.2d 348; *compare Young v. State*, (1980) Ind., 409 N.E.2d 579; *Ferguson v. State*, (1980) Ind., 405 N.E.2d 902.

## II.

■ We find the Court of Appeals was correct in its analysis of this issue and we adopt its language in this opinion as follows:

"Lash contends it was an abuse of discretion for the trial judge to order the jury imposed penalties of ten years on each count of armed robbery to run consecutively. We find no abuse of discretion.

■ In a post-conviction proceeding, the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. *Walker v. State*, (1978) 267 Ind. 649, 372 N.E.2d 739. We will reverse only where the evidence is without conflict and leads unerringly to but one conclusion and the trial court has reached an opposite conclusion. *Rinard v. State*, (1979) Ind., 394 N.E.2d 160.

■ IC 35-12-1-1 (Burns Code Ed. 1975) sets out the penalty provisions applicable to the offense of armed robbery. It provides in pertinent part:

'The penalty imposed by this chapter [section] is to be fixed by the court or jury trying the case, which sentence

the court shall not have the power to suspend: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for any additional crimes being attempted or committed at the same time but that such term of imprisonment shall commence at the expiration of the imprisonment adjudged for any such additional crimes.'

The statute authorized the judge to order the imposed penalties to run consecutively. This authority imposed in the trial judge does not usurp the power of the fact finder to set the penalty for each offense, as Lash would argue, but only affects how the penalties will be served. Lash also suggests that the sentencing hearing provided for in IC 35–4.1–4–3 (Burns Code Ed., Supp.1979), now transferred to 35–50–1A–3 (Burns Code Ed., Repl.1980), sets the appropriate standard for sentencing and apparently thereby urges the judge's failure to hold a sentencing hearing constitutes an abuse of discretion. At the time of Lash's sentencing, a hearing was not required by statute. The record shows a presentence investigation report was filed and considered by the court prior to sentencing. We find the trial judge acted within the statutory mandates relevant to that time frame and did not abuse the discretion vested in him in ordering consecutive sentences.

Lash's final two contentions, that the judge's imposition of consecutive sentences (1) constitutes cruel and unusual punishment and (2) violates the defendant's constitutional right to a jury trial are without merit. As stated in *Gray v. State*, (1974) 159 Ind.App. 200, 205, 305 N.E.2d 886, 889, 'the constitutional prohibition against cruel and unusual punishment is a limitation upon the acts of the General Assembly and not upon the discretion of the trial court acting within the framework of a statute imposing penalties for the offense.' Since the consecutive sentencing imposed

was within statutory limits, Lash cannot hinge his challenge to the judge's use of discretion on a "cruel and unusual punishment" argument. Secondly, the constitutionality of court-imposed sentencing as opposed to jury-imposed has been upheld. *Wells v. State*, (1979) Ind.App., 397 N.E.2d 1250."

Finding no reversible error, we affirm the trial court. Transfer is granted and the opinions of the Court of Appeals are vacated.

GIVAN, C. J., concurs.

DeBRULER, J., concurs with separate opinion.

PRENTICE, J., dissents with opinion in which HUNTER, J., concurs.

DeBRULER, Justice, concurring.

The criminal episode at the pizza parlor on September 21, 1975, involved three men, two of whom were armed, and two women employees. The determination of the number of armed robberies occurring during this episode is very much a fact-bound determination. It is to be made by stripping the events to their basic reality and deciding how many unitary or integrated transactions occurred. *McKinley v. State*, (1980) Ind., 400 N.E.2d 1378. This approach, like the approach to the question of the sufficiency of evidence to convict, involves an act of judgment, and not surprisingly can lead at times to differing judicial opinions, even on the same appellate court.

Here, while holding the two women employees at bay on the main floor with their weapons, one man ordered one of the women to open the cash register. As she did so one man entered the area behind the counter, took the cash drawer from the machine, and placed it on the counter. The three men then grabbed the money from the drawer.

The two women were then ordered downstairs and herded to the rear of the building. This action was accompanied by violent verbal and physical threats. The men then demanded their money, and in the

presence of the women dumped the contents of their purses out on the floor. The coin purse of one containing three dollars was taken and over one hundred dollars was taken from the purse of the other. The men then ran out of the restaurant. The entire episode lasted for only five minutes. One of the women testified that she had the money with her to pay some personal bills due the next day.

Upon consideration of the foregoing events, the elements of the crime of armed robbery, and the charges as brought, I am led to the judgment that three separate armed robberies occurred during this episode. Two robberies occurred when the personal funds were taken from the women, and one when the cash register drawer was emptied.

PRENTICE, Justice, dissenting.

I dissent.

The majority has said "This case presents the same set of facts we faced in *McKinley v. State*, * * * where we affirmed the conviction of two counts of armed robbery under circumstances such as this." However the factual situations are not the same, although the confusion is quite understandable. It is unfortunate, although inevitable, that through the over-burdening work load that we face, inartful language sometimes creeps into an opinion and makes the decision appear to be premised upon a theory other than that intended. Such is the case with *McKinley* which was decided correctly but, I believe, not upon the theory which the opinion would lead one to believe.

In *McKinley*, we unfortunately spoke of robbery of a "business establishment." Now, there can be no such thing as a robbery of a business establishment. A theft may be perpetrated against a business establishment, as may a burglary; but by definition, a robbery may not. "A person who * * * takes property from another *person* : * * *; commits robbery, * * *." Ind. Code § 35–42–5–1.

McKinley was charged with the robbery of two persons and was convicted of the robbery of two persons, although the opin-

ion referred to one of the robberies as the "robbery of that business." Specifically, McKinley committed one robbery when he took the business establishment's property from the proprietor's wife and he committed another robbery when he took the proprietor's personal belongings from him.

Our concern with "business establishment" and ownership of the property taken appears to spring from *Williams v. State*, (1979) Ind., 395 N.E.2d 239, decided only a short time before *McKinley* and fresh in our minds. In that case, Williams had committed what is commonly referred to as bank robbery. Actually, he took bank money from each of four different tellers in one branch bank at the same time. The issue was whether one or four robberies had been committed. Recognizing that under the strict wording of the statute, four robberies had been committed, we, nevertheless, also recognized the injustice inherent in a literal interpretation of the statute and elected to follow a line of federal cases and applied the "rule of lenity."

"Under bank robbery statutes and more general criminal laws, the federal courts have applied the 'rule of lenity' as provided in *Bell v. United States*, (1955) 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905, where the Supreme Court held that:

'[i]t may fairly be said to a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment.' 349 U.S. at 83, 75 S.Ct. at 622, 99 L.Ed. at 910." 395 N.E.2d at 248.

Elsewhere in the opinion references were made to the robbery of a business and distinctions were made premised upon the ownership of the property taken in the robberies.

In at least three opinions subsequent to *Williams,* we have applied the rule of *Williams* although not referring to it as a "rule of lenity." *Allen v. State*, (1981) Ind., 428 N.E.2d 1237; *Lane v. State*, (1981) Ind., 428 N.E.2d 28; *Rogers v. State*, (1979) Ind., 396 N.E.2d 348. In at least five other subse-

quent opinions we have distinguished *Williams*, upon the basis that the property taken from multiple victims belonged to multiple persons or entities. *McKinley v. State, supra; Ferguson v. State*, (1980) Ind., 405 N.E.2d 902; *Young v. State*, (1980) Ind., 409 N.E.2d 579; *Hatcher v. State*, (1980) Ind., 410 N.E.2d 1187; *Duvall v. State*, (1981) Ind., 415 N.E.2d 718.

This focus upon ownership, however, has caused considerable confusion. For example, in *Hatcher v. State, supra,* this writer, for a unanimous court, erroneously referred to the robbery of the "business establishment," although it was clear that the robbery was of Grace Nooe, an employee of the business establishment and from whom business establishment property was taken.

A similar inartful phraseology appears in *Duvall v. State, supra* :

"On May 8, 1978, the Hooks Pharmacy in Southport was robbed. Two males entered the store and took money from the cashier and from a customer." Id. at 719.

The victims of the two robberies were the customer and the cashier; not the customer and the pharmacy.

The rule, which has been consistently applied though not always stated, is that where property taken in a criminal transaction belongs to more than one entity, there is one count of robbery for each person who is threatened with force, or placed in fear, and from whom property is thereby taken. The Court of Appeals correctly divined this rule from our cases despite our imprecise language.

Upon the facts of this case, the principle which emerged from *Williams* turns into a bane having no relationship to personal security, which is the interest which the Robbery statute seeks to protect.

The majority opinion is not supported by *Williams* and its progeny. *Williams* must be limited in its application as a rule of lenity, i.e. to reduce the number of crimes which could conceivably be charged under the literal wording of a statute. Its application to the case at bar, clearly results in increasing the number of charges beyond the number ascertainable under the statute.

Although Ruby Lewis had both her own property and her employer's property taken from her by being put in fear, she was put in fear only once although undoubtedly it was a continuing state. Under the majority opinion, one who took, by threat of the custodian, the contents of an armored car would be guilty of as many robberies as there were owners of the contents; whereas under *Williams*, one who takes the property of one owner from several custodians (bank tellers) by putting each in fear, commits but one robbery. This incongruity cannot stand.

Criminal statutes are to be strictly construed against the State and in favor of a defendant where construction is necessary. *Short v. State*, (1954) 234 Ind. 17, 22, 122 N.E.2d 82. It is permissible, as in *Williams*, to depart from a strict construction of the statute when we believe that the Legislature could not have intended the harsh results ebbing from the letter of its law. It is not permissible, however to depart therefrom, in order to render the act more harsh. Here, by misconstruction of a rule adopted for leniency, the majority has found two crimes where the language of the statute declares but one.

Defendant committed but two crimes and is being punished for three. This clearly is a violation of his rights under both the state and federal constitutions against double jeopardy.

I would affirm the judgment of the trial court as to two counts but reverse as to the third and remand the cause with instructions to vacate one sentence.

HUNTER, J., concurs.