Jerome **HENDERSON** and William **Baker, Appellants,**

v.

**STATE of Indiana, Appellee.**

No. 185S13.

Supreme Court of Indiana.

May 9, 1986.

Robert R. Garrett, Appellate Public Defender, Lake Superior Court, Criminal Division, Crown Point, for appellants.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendants-Appellants Jerome Henderson and William Baker were convicted at the conclusion of a jury trial in the Lake County Superior Court of kidnapping, a class A felony; rape, a class A felony; robbery, a class A felony; and attempted murder, a class A felony. Appellant Henderson was sentenced to concurrent twenty-five (25) year sentences for kidnapping, rape, and robbery, and to twenty-five (25) years for attempted murder, to be served consecutively to the other sentences. Appellant Baker was sentenced to concurrent twenty (20) year sentences for kidnapping, rape, and robbery, and to twenty (20) years for attempted murder, to be served consecutively to the other sentences. The trial of both defendants being consolidated, the direct appeal of both now appears before us and raises the following issues:

1. whether the trial court erred in denying Appellant's Motion for Change of Venue;

2. whether it was error to admit into evidence the "mug shots" of Appellants;

3. whether the prosecutor's remarks during closing argument constitute misconduct requiring reversal;

4. whether the trial court erred in denying Appellants' motions for separate trials; and

5. whether the trial court erred in imposing consecutive sentences.

R.F. was accosted by Appellants and Richard Perez. The three men forced her into her car at gunpoint, took approximately thirty dollars ($30), and drove around the city of Gary. Finally, they pulled the car into a secluded area and each man proceeded to rape her. The men then tied R.F.'s wrists and ankles and threw her into a nearby river. She freed herself and began swimming toward a sewer. When the men spotted her they fired their pistols at her but missed. R.F. hid in the sewer for a long period of time before leaving to get assistance. Richard Perez subsequently entered a plea agreement with the State and implicated Appellants.

## I

Appellant Henderson claims that pretrial publicity was so widespread and prejudicial as to require a change of venue from the county. Henderson introduced numerous articles concerning the crimes which appeared in local newspapers, and cited our statute governing changes of venue.

In *Drollinger v. State* (1980), 274 Ind. 5, 13, 408 N.E.2d 1228, 1235, we explained that this Court will not presume, merely from the *amount* of pretrial publicity, that the trial setting was inherently prejudicial. We further held that the defendant bears the burden of showing local prejudice and a corrupted trial atmosphere. *Id.* In the present case Henderson has not shown any bias or prejudice. He has merely shown widespread publicity. In fact, examination of the articles shows them to be a factual representation of the crimes and subsequent investigation. Henderson has made no showing of what effect these articles had on the jury, nor does he make any reference to *voir dire* which would allow us to discern any prejudicial effect. The transcript of *voir dire* has not been made a part of the Record of Proceedings and it is thus impossible for us to determine that the jurors were prejudiced. Thus, we find no error due to pretrial publicity.

## II

Appellants next alleged error due to the admission into evidence of their "mug shots." Appellants merely list this error as an issue and present neither argument nor citation in support thereof. This issue is therefore waived. *Murray v. State* (1985), Ind., 479 N.E.2d 1283, 1286, *reh. denied* (1985); *Johnson v. State* (1985), Ind., 472 N.E.2d 892, 906, *reh.* denied (1985).

## III

Appellants maintain certain comments by the prosecutor during closing arguments constituted misconduct so grave as to not be cured by the trial court's admonition and to require reversal. Appellant's fellow perpetrator, Richard Perez, entered a plea agreement which resulted in a twenty (20) year sentence. During closing arguments the prosecutor read the plea agreement and made the following comment:

"[Perez] will be sentenced to twenty years' imprisonment. Think about that for a second. Mr. Perez is seventeen years old. He was sixteen years old at the time. He is going to prison for longer than he has been on the face of the earth."

The trial court reacted by explaining to the jury that Perez could serve anywhere from ten to twenty years, depending on his behavior. The prosecutor also stated during closing arguments:

"If Mr. Baker had been sitting in the same room when this composite [admitted into evidence] was made, I think ... you will find, in your own mind, that she couldn't have made a better composite of [Baker]."

The trial court then explained to the jury that final arguments are not evidence, that during final arguments the attorneys may argue the evidence presented at trial from their point of view, that the attorneys may not give their personal opinions, that the jurors are the ultimate finders of fact, and that they are not bound by the final arguments.

■ The conduct of final argument is within the sound discretion of the trial court. *Kalady v. State* (1984), Ind., 462 N.E.2d 1299, 1307. In *Kalady* the trial court used language nearly identical to that used here to admonish the jury. On review we found such an instruction to the jury a proper admonition. The standard to determine whether prosecutorial misconduct has occurred and warrants a new trial is whether the conduct, under all circumstances, placed the defendant in a position of grave peril to which he should not have been subjected, measured by the probable persuasive effect of the misconduct on the jury's decision and whether there were repeated instances of misconduct which would evidence a deliberate attempt to improperly prejudice the defendant. *Bixler v. State* (1984), Ind., 471 N.E.2d 1093, 1102–1103, *reh. denied* (1985), U.S. *cert. denied* (1985), —— U.S. ——, 106 S.Ct. 106, 88 L.Ed.2d 86.

■ Upon setting forth the statements complained of and the standard of review, Appellants merely contend that, "The conduct of the prosecutor in the instant case did in fact put them in grave peril." Appellants fail to explain why the statements placed them in grave peril or had any persuasive effect on the jury. More importantly, Appellants fail to explain why the trial court's admonition did not cure the alleged error. Considering together the prosecutor's statements and the trial court's explanations, we must conclude that any error the prosecutor may have made was adequately corrected by the trial court.

## IV

Appellants next contend the trial court erred in denying their motions for separate trials. However, upon citing the standard of review on this issue in their Appellate Brief, Appellants concede their counsel could find nothing in the record to support their argument and "surrender to the hopeless." Once again Appellants have waived this issue since they have failed to support their argument. *Murray*, Ind., 479 N.E.2d at 1286; *Hunt v. State* (1983) Ind., 455 N.E.2d 307, 316.

## V

Finally, Appellants allege the trial court's imposition of consecutive sentences was an abuse of discretion and amounted to cruel and unusual punishment. Appellants contend the sole reason for the sentence was a statement by the trial court that it was the most brutal rape case heard by the court.

It is within the discretion of the trial court to impose consecutive sentences. *Lash v. State* (1982), Ind., 433 N.E.2d 764, 765–766; Ind.Code § 35–50–1–2 (Burns 1985). In deciding whether sentences should be served consecutively the trial court may consider the aggravating circumstances listed in Ind.Code § 35–38–1–7–(b) or any other aggravating circumstances. Ind.Code § 35–38–1–7–(d) (Burns Supp. 1985). This is not a case governed by *Freed v. State* (1985), Ind., 480 N.E.2d 929, where the defendant contends the sentence is manifestly unreasonable. Rather, Appellants claim the trial court did not support the consecutive sentences with sufficient rationale. We disagree.

To support his imposition of consecutive sentences the trial judge referred to the extreme brutality with which this crime was carried out, the culpability of each defendant in light of the facts at trial, and the fact that any lesser sentence would depreciate the seriousness of the crimes. These reasons, especially when read in the detail provided by the trial judge, sufficiently support the sentences imposed.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.