Gerald W. OWENS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 02A04–8812–CR–424.

Court of Appeals of Indiana,
Fourth District.

Sept. 19, 1989.

Barrie C. Tremper, Chief Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant Gerald W. Owens (Owens) appeals his jury trial conviction for child molesting pursuant to IND.CODE 35–42–4–3(c), a class C felony, and for touching and fondling with intent to arouse pursuant to IND.CODE 35–42–4–3(d), a class D felony for which Owens was sentenced to 8 and 4 years terms to run concurrently.

Owens presents one issue for our review, namely,

whether the evidence was sufficient to disprove his alibi defense.

B.H. got out of school at 2:35 P.M. Owens picked up B.H. and a friend and took them to his home where they drank alcohol and smoked marijuana. After B.H. became intoxicated, Owens pulled down B.H.'s pants and performed fellatio upon him.

At trial Owens raised an alibi defense. Several of his co-workers testified he re-ported for work at 4:45 P.M. The jury, however, found Owens guilty of both the class C and class D felonies. He was sentenced to a term of eight years for the class C offense and four years for the class D offense with the sentences running concurrently.

Owens appeals.

He contends the jury's verdict is contrary to the evidence because the State did not rebut his alibi defense. He notes B.H. told Officer Danny Jackson (Jackson) the incident took place at 6:00 P.M.

The State is not required to negate alibi evidence but may rely upon its evidence in chief. *Young v. State* (1980), 274 Ind. 107, 409 N.E.2d 579, 582. Alibi evidence constitutes an appeal to the jury to disregard the testimony of the prosecuting witness. *Witt v. State* (1933), 205 Ind. 499, 185 N.E. 645. As the determiner of witness credibility, a jury is free to disbelieve either the prosecuting witness or the alibi evidence. *Jones v. State* (1978), 267 Ind. 680, 372 N.E.2d 1182, 1184. Appellate impressions cannot be substituted for jury credibility determinations. *Martin v. State* (1986), Ind., 490 N.E.2d 309, 311. A jury is entitled to evaluate the evidence and the testimony of witnesses. *Id.* Upon doing so, it is entitled to find against the defendant despite his alibi evidence. *Id.*

Here, the uncorroborated testimony of B.H. is sufficient to sustain Owens's conviction for child molesting. See *Finchum v. State* (1984), Ind., 463 N.E.2d 304, 307; and *Knisley v. State* (1985), Ind.App., 474 N.E.2d 513, 517, *reh. denied*, 474 N.E.2d 513. The fact the State did not rebut Owens's alibi defense is of no consequence. *Young, supra*, 409 N.E.2d at 582. Based upon the evidence, the jury could have determined the molestation took place between 2:35 P.M. and 4:45 P.M.; B.H. was so intoxicated he did not know the exact time; or B.H. was frightened and excited when he gave his statement to Jackson. Further, the jury could have disbelieved the alibi. An alibi defense is a matter of weight and credibility. *Young, supra*, at 582. Substantial evidence supports Owens's conviction.

■ There is a question whether this court should, *sua sponte*, order the class D felony conviction vacated because convictions on both counts for the same act constitute fundamental error. "The 'fundamental error' doctrine permits a reviewing court to consider the merits of an improperly raised error if the reviewing court finds that the 'record reveals error so prejudicial to the rights of the Appellant that he could not have had a fair trial.'" *Meredith v. State* (1982), Ind.App., 439 N.E.2d 204, 206, (quoting *Grier v. State* (1968), 251 Ind. 214, 216–217, 240 N.E.2d 494, 496.) The doctrine should only be utilized if there is blatant error since it "allows an appellate court to by-pass the normal rules of appellate procedure...." *Meredith, supra,* (quoting *Webb v. State* (1972), 259 Ind. 101, 284 N.E.2d 812, 815). The doctrine should not be invoked when a constitutional right is merely implicated, but only "when the record reveals clearly blatant violations of basic and elementary principles." *Meredith, supra,* at 207, (quoting *Warriner v. State* (1982), Ind., 435 N.E.2d 562, 563).

■ The concern in this case is whether the concept of double jeopardy, as defined by Indiana case law, prohibits conviction of Owens for both the class C and the class D child molesting offenses. Both convictions result from Owens pulling B.H.'s pants down and performing fellatio upon him.

In *Hall v. State* (1986), Ind., 493 N.E.2d 433, 435, our supreme court set forth the following test:

> Two offenses are the same for the purposes of double jeopardy when the same act constitutes a violation of two distinct statutory provisions which do not require proof of an additional fact. *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. A double jeopardy analysis does not end with an evaluation and comparison of the statutory provisions.

The factual bases alleged by the State in the information or indictment and upon which the charges are predicated must also be examined. *Tawney v. State* (1982), Ind., 439 N.E.2d 582.

The Halls were convicted for reckless homicide, a class C felony, and neglect of a dependent, a class D felony. The court vacated the conviction for neglect, noting "[t]he State only had to prove this pattern of neglect: 'no additional facts were necessary to prove the perpetration of either of the offenses.'" *Hall, supra,* at 436 (quoting *Howard v. State* (1985), Ind., 481 N.E.2d 1315, 1318). The court concluded: "since the Halls' continuous pattern of neglect was the factual basis for the neglect and reckless homicide convictions, they were punished twice for the same acts. In essence, the pattern of neglect was the means by which the reckless homicide was committed." *Hall, supra,* at 436. The court further noted that under most circumstances, one of the convictions is usually a lesser included offense which would merge with the greater offense. *Id.*

In the case at bar, the class C felony conviction for child molesting is pursuant to I.C. 35–42–4–3(c) which makes it a felony for a person over the age of sixteen to perform or submit to sexual intercourse or deviate sexual conduct with a child between the ages of twelve and sixteen. The class D felony conviction is pursuant to I.C. 35–42–4–3(d) which makes it a felony for a person over sixteen to perform or submit to any fondling or touching with intent to arouse or to satisfy the sexual desires of the child or the older person, with a child between the ages of twelve and sixteen.

The class D felony is not a lesser included offense of the class C felony. I.C. 35–42–4–3(d) requires the proof of intent to arouse while I.C. 35–42–4–3(c) does not. Therefore, subsection (d) does not meet the definition of "included offense" under IND. CODE 35–41–1–16, and the two offenses are technically not the same for double jeopardy purposes.

The fatal flaw concerning the two convictions, however, is that the charges, even though worded differently, are both ultimately based on the same act, i.e., the placing of Owens's mouth upon B.H.'s penis. Under both the second part of the *Hall* test and *Stwalley v. State* (1989), Ind., 534 N.E.2d 229, *reh. denied,* the identical

factual basis of the charges necessitates the overturning of one of the convictions. The factual basis for the class D conviction was also the entire factual basis for the class C felony. As our supreme court held in *Stwalley,* one conviction must be vacated when charges are based upon the same conduct, the same harm to the victim, and over the same short span of time. *Stwalley, supra,* at 231.

Fundamental error is committed when an incorrect sentence is imposed and a court on review cannot ignore such error when it is apparent on the record. *Swinehart v. State* (1978), 175 Ind.App. 588, 372 N.E.2d 1244, 1250. Owens's conviction for the class D felony of child molesting is vacated. The conviction with reference to the class C felony is affirmed.

Affirmed as to the class C felony conviction.

Reversed and remanded to strike the class D felony conviction from the record.

SHIELDS, P.J., and MILLER, J., concur.