**Bobby Jo WILLIAMS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–477–A–99.

Court of Appeals of Indiana, Third District.

June 5, 1979.

J. David Keckley, South Bend, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Elmer Lloyd Whitmer, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Defendant-appellant Bobby Jo Williams (Williams) appeals from his conviction in a jury trial of robbery to which he was sentenced for a period of not less than ten nor more than 25 years and fined the costs of the action.

This appeal presents the following six issues for review:

(1) whether certain physical evidence should have been suppressed as the product of an illegal arrest;

(2) whether a proper foundation had been laid for admission of three exhibits into evidence;

(3) whether the trial court erred in admitting hearsay evidence regarding the amount of money taken in the robbery;

(4) whether a pretrial identification of defendant was unnecessarily suggestive;

(5) whether the trial court erred in denying defendant's motion for judgment on the evidence; and

(6) whether the trial court committed reversible error in permitting the prosecutor to question a defense witness regarding a prior theft conviction of the defendant.

■ Appellant's first allegation of error is that the police officers who arrested him did not possess the requisite probable cause to make a warrantless arrest. This fact, Williams argues, rendered certain evidence seized from his person as products of an unlawful arrest. Probable cause justifying a warrantless arrest exists if the facts and circumstances known to the arresting officer would warrant a man of reasonable caution and prudence in believing that the accused had committed or was committing an offense. *Barnes v. State* (1978), Ind., 378 N.E.2d 839.

■ The record reveals that Officer Charles Mahank, at approximately 10:34 A.M. on April 1, 1976, received a radio dispatch that two black males had robbed

the Kreamo Thrift Store on Brookfield Street in South Bend, Indiana. While enroute to the scene of the crime, Mahank observed two black males running through alleys and backyards and jumping over fences in an easterly direction, five blocks from the bakery. Accompanied by Officer Jewell, Mahank chased the men through an alley leading to Walnut Street. After identifying themselves as police officers, Mahank shouted at the men to stop, and he apprehended the defendant at the city cemetery fence while Jewell apprehended Howell Atkins. Under these circumstances, probable cause for a warrantless arrest existed. In *Atkins v. State* (1977), Ind.App., 370 N.E.2d 985, the warrantless arrest of Williams' accomplice was upheld on these same facts.

 Appellant next contends that a proper foundation was not laid for the admission into evidence of a gray stocking cap, 3 one-dollar food stamps, and $37.93 in bills and coins, because the State failed to show that these three exhibits were connected with the defendant at the time of the robbery. Williams argues that Zenobia Migas, the store clerk and robbery victim, had not identified the cap as the same or similar to the one worn in the robbery or the food stamps and money as the same taken from the cash register. An exhibit must be connected to a defendant in order to be admitted into evidence. The fundamental concepts or relevancy and materiality require this. *Bailey v. State* (1976), Ind., 346 N.E.2d 741. But the proof of such connection need not be as strong as defendant suggests. Any evidence tending to prove a material fact is admissible even though its tendency in that direction may be slight. *Bertram v. State* (1978), Ind., 375 N.E.2d 1098. Furthermore, any fact which tends to connect the defendant with commission of the crime is admissible. *Wilson v. State* (1978), Ind., 374 N.E.2d 45. It is well settled that positive proof of authentication of a fact or thing is not necessary for admission of that fact or thing into evidence but circumstantial evidence is relevant. *Colvin v. State* (1976), 264 Ind. 514, 346 N.E.2d 737.

 After Migas testified that one of the perpetrators of the robbery wore a knit, gray stocking cap over his face, Officer Mahank testified that he found a knit, gray stocking cap in Williams' pocket when he patted down the defendant at the city cemetery fence. The cap was then admitted into evidence over defendant's objection. The testimony of these two witnesses established a foundation sufficient to connect the gray ski mask introduced at trial with the defendant at the time of the robbery. The fact that the complaining witness could only describe the stocking cap by its color merely reflects on the weight of the evidence but does not affect its admissibility. When the store clerk's testimony that 3 one-dollar food stamps had been taken in the robbery is coupled with the evidence that Mahank obtained 3 one-dollar food stamps from a search of the defendant at the police station, it is clear that a connection was drawn between the food stamps and the defendant at the time of the robbery.

However, the foundation was not laid with respect to the $37.93 found on the defendant since there was no competent evidence connecting it with the money taken in the crime. Migas testified that in addition to the $25 she had counted out when she opened the store on the day of the crime, the cash register contained money from a few purchases which had been made by customers prior to the robbery. But she did not testify how much money was taken or, for example, what coins or denomination of bills she placed in the cash register before the bakery opened for business.

 Although the $37.93 was admitted into evidence improperly, its admission was nevertheless harmless in view of the overwhelming evidence of guilt in this case. *Moore v. State* (1972), 258 Ind. 200, 280 N.E.2d 57.

 Appellant maintains the testimony of Officer Walton concerning a matter allegedly within the knowledge of the store manager should have been excluded

as hearsay. Walton testified that the amount of money found on the defendant at his arrest was $37.93. On cross-examination, Walton admitted he had no first-hand knowledge of the amount reported missing from the bakery. On redirect examination, Walton testified that the store manager told him $37.93 had been taken in the robbery. The testimony of Walton regarding a fact within the knowledge of the store manager was hearsay and should have been stricken upon defendant's motion. Nonetheless, where other evidence is sufficient to establish the guilt of the accused, the admission of hearsay evidence over defendant's objection constitutes harmless error. *Carlile v. State* (1974), 158 Ind.App. 508, 303 N.E.2d 303. The State, in the instant case, established beyond a reasonable doubt the guilt of the defendant. Therefore, no prejudice to the defendant resulted from admission of the hearsay testimony.

■■■■ Defendant urges that the trial court should not have permitted an in-court identification of him by Migas because it was tainted by an unduly suggestive pretrial identification procedure. The test is, looking at the totality of the circumstances, whether the on-the-scene confrontation was conducted in a manner so unnecessarily suggestive and conducive to irreparable mistaken identification that it denied the defendant due process of law. *Wright v. State* (1972), 259 Ind. 197, 285 N.E.2d 650. Pretrial confrontations which occur immediately after the commission of an offense and upon the apprehension of an accused are not *per se* unduly suggestive even though the accused may be the only suspect present. However, the freshness of the event substantially offsets the chances of misidentification presented by the fact of a single suspect in apparent custody. *Hampton v. State* (1977), Ind.App., 359 N.E.2d 276.

■■■■ The facts indicate Migas told the police that the two perpetrators of the robbery were tall black men in their twenties, one of whom wore a gray ski mask, the other a colorful jacket. Within ten minutes after the robbery, two handcuffed suspects

were taken to the bakery where Migas identified them as the two participants in the robbery primarily on the basis of the clothes worn by the suspects. The fact that the clerk based her identification on the clothes worn by the suspects rather than any distinguishing physical characteristics affects the credibility of her identification but not its admissibility. While it is true the suspects were handcuffed when they arrived and the clerk was told in advance that two suspects were being brought to the bakery, upon examining the totality of circumstances, the on-the-scene confrontation was not unnecessarily suggestive. *Atkins v. State, supra.*

■■■■ Williams attempts to assert that the trial court erred in overruling his motion for a directed verdict (judgment on the evidence) because the pretrial identification procedure violated his constitutional right to due process in that the confrontation was unnecessarily suggestive. However, this issue had been waived by defendant's failure to cite any authority which supports his position as required by Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). *Pinkston v. State* (1978), Ind., 377 N.E.2d 1355; *Hardiman v. State* (1978), Ind.App., 377 N.E.2d 1384. In passing, it will be noted that since the pretrial identification was proper, defendant's argument is without merit. A directed verdict is only proper where there is a total absence of evidence on some essential issue required to convict or where the evidence is without conflict and susceptible to only one inference in favor of the accused. *State v. Seymour* (1978), Ind.App., 379 N.E.2d 535.

Williams also attempts to assert that it was improper and highly prejudicial for the prosecutor to question a defense witness regarding a prior theft conviction of the defendant. Insofar as defendant has failed to support his assertion with any authority, this issue is also waived. AP. Rule 8.3(A)(7).

■■■■ Notwithstanding appellant's waiver, it is clear that no error was committed. The conduct of cross-examination is

within the sound discretion of the trial court and is reversible only for an abuse of that discretion. *Hardiman v. State, supra.* Where a defendant's character witness testifies to the defendant's reputation for good character, cross-examination of that witness as to whether the witness was familiar with the defendant's prior arrest and conviction is proper for the purpose of ascertaining if the witness knew or had heard rumors of the defendant's prior misconduct. *Lineback v. State* (1973), 260 Ind. 503, 296 N.E.2d 788, affirmed on reh., 301 N.E.2d 636. Thus, the trial court did not abuse its discretion in permitting the question about defendant's prior conviction.

No reversible error having been demonstrated, the judgment of the trial court is affirmed.

Affirmed.

STATON, J., concurs.

CHIPMAN, P. J., participating by designation, concurs.