Willie J. **EDWARDS**, Appellant (Defendant Below),

v.

**STATE** of Indiana, Appellee (Plaintiff Below).

No. 3–380A88.

Court of Appeals of Indiana, Third District.

Oct. 27, 1980.

D. Gregory Nicosia, Griffith, for appellant.

Theodore L. Sendak, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Willie Edwards was charged and convicted by a jury of one count of possession of the schedule I narcotic drug heroin.[1] He was sentenced to the Indiana Department of Correction for a period of four years.

On appeal, Edwards asserts that the trial court erred in denying his Motion to Suppress Evidence. He argues that this evidence is "tainted" and should be suppressed as the evidence "flowed" from an invalid investigatory stop. We disagree.

The facts in the light most favorable to the State show that on August 12, 1978, at approximately 2:00 A.M., officers of the East Chicago Police Department's Task Force[2] were on surveillance. A dispatch from the police Central Station stated that there was a man with a weapon in front of the Hub Tap Tavern located at 149th and Melville. The report indicated that the man was driving in a black over white Cadillac.

As a police sergeant in his unmarked car approached the address, he observed a black over white Cadillac pulling out of a parking position in front of the Hub Tap Tavern at a high rate of speed. He radioed this information to a closer unit of the task force. This unit, with its "Kojak"[3] flasher on, pulled up alongside Edwards' Cadillac. An officer, with his badge in his hand, shouted at Edwards that they were police and that he should pull over. The vehicle was forced to momentarily stop. An officer jumped out of the patrol car and immediately stood, with a badge in his hand, in front of Edwards Cadillac. He stated he was a police officer. Edwards saw him and refused to stop. He accelerated so that his car's

---

1. "[IC (1977)] 35–48–4–6. Possession of a narcotic drug.–A person who, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possesses a narcotic drug classified in schedule I or II commits possession of a narcotic drug, a class D felony. However, the offense is a class C felony if the amount of the drug involved has an aggregate weight of ten [10] grams or more."

2. The task force was set up to control the heavy weapons and narcotic traffic in the Calumet area.

3. A "Kojak" flasher is a single red flasher which can be put on top of the automobile when needed, as was done in the "Kojak" T.V. show.

wheels started to squeal. The officer in front of his car hit the hood and gestured for Edwards to stop. Edwards then noticed another officer alongside the Cadillac and he stopped.

■ The Fourth and Fourteenth Amendments of the United States Constitution apply to all seizures of the person. The stopping of an automobile and the detaining of its occupants is a "seizure" within the meaning of those Amendments, even if the purpose of the stop is limited and the resulting detention is brief enough that it does not qualify as an arrest. *Reid v. Georgia* (1980), —— U.S. ——, 100 S.Ct. 2752, 65 L.Ed.2d 890; *Delaware v. Prouse* (1979), 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660; *United States v. Martinez–Fuerte* (1976), 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116; *United States v. Brignoni–Ponce* (1975), 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607; *Davis v. Mississippi* (1969), 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676. "[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." *Terry v. Ohio* (1968), 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889. The Fourth Amendment requires the seizure to be "reasonable." *United States v. Brignoni–Ponce, supra.*

The United States Supreme Court has recognized that in some circumstances a person may be detained briefly without probable cause to arrest him; however, any curtailment of a person's liberty by the police must be supported a least by a reasonable and articulable suspicion, based upon specific, objective facts upon which the officer relied in light of his knowledge and expertise to conclude that the person seized is engaged in criminal activity. *Reid v. Georgia, supra*; *United States v. Mendenhall* (1980), —— U.S. ——, 100 S.Ct.

1870, 64 L.Ed.2d 497; *Brown v. Texas* (1979), 443 U.S. 47, 99 S.Ct. 26, 37, 61 L.Ed.2d 357; *Delaware v. Prouse, supra*; *United States v. Brignoni–Ponce, supra*. In making this determination the Court will also consider the public interest served by the seizure and the nature and scope of the intrusion. *United States v. Mendenhall, supra.*

■ The police radio bulletin of a man with a gun at 2:00 A.M. gave rise to an inference of criminal activity which indicated that further investigation should take place.[4] A car matching the description as given in the police dispatch was seen at the location indicated by the bulletin. The car was observed by police officers as it left at a high rate of speed from its parking spot in front of the tavern. The driver of the car did not pull over when requested, and he attempted to flee in the car before he was finally seized.[5]

We are persuaded that the above evidence contains enough specific and objective facts which the officers could rely upon in light of their expertise which would provide them with a reasonable suspicion that Edwards was involved in criminal activity. The officers had reasonable suspicion based on articulable, objective facts to stop Edwards for further investigation.[6]

Finding no error, we affirm the judgment of the trial court.

Judgment affirmed.

GARRARD, P. J., concurs.

HOFFMAN, J., concurs with opinion.

HOFFMAN, Judge, concurring.

I concur in the majority opinion except I do not agree with footnote 4.

---

4. The author of this opinion does not believe that this in itself would provide probable cause which would allow the officers to arrest Edwards. *See* my dissent in *Clark v. State* (1977), Ind.App., 358 N.E.2d 761.

5. He was not seized until his freedom to leave was restrained. *See Terry v. Ohio, supra.*

6. Once Edwards was stopped, the police officers observed a handgun lying on the front seat of his car. They recognized him as being a convicted felon who could not lawfully possess a firearm. He was therefore arrested. The heroin for which he was charged and convicted was discovered by the officers in their search of his person. These matters were not raised on appeal.