**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ENRI FRANKLIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1209-CR-464 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No. 49F10-1203-CM-18555

**April 9, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Enri Franklin (Franklin), appeals his conviction for public intoxication, a Class B misdemeanor, Ind. Code § 7.1-5-1-3.

We affirm.

## ISSUES

Franklin raises two issues on appeal, which we restate as:

(1) Whether the trial court properly admitted Franklin's statements; and

(2) Whether the State presented sufficient evidence beyond a reasonable doubt to sustain Franklin's conviction.

## FACTS AND PROCEDURAL HISTORY

On March 19, 2012, Indianapolis Metropolitan Police Officer Ericka Daniels (Officer Daniels) arrived at a Cash American Pawn store in response to a complaint that an individual was stumbling around inside the store and refused to leave. When the Officer arrived, she saw Franklin outside the store. Franklin was "stumbling a bit," so Officer Daniels grabbed him and helped him over to the curb where she sat him down. (Transcript p. 6). Officer Daniels handcuffed Franklin. She asked him for identification, which Franklin did not have with him. She obtained his name verbally and ran the information. Officer Daniels detected the odor of alcohol on Franklin's breath, noticed that his eyes were red and his pupils constricted. Officer Daniels had to keep waking Franklin up as he was falling asleep. The Officer asked Franklin about his alcohol

consumption and he informed her that he had "a couple of beers" and had taken some Vicodin that was prescribed to him. (Tr. p. 9).

That same day, the State filed an Information charging Franklin with public intoxication, a Class B misdemeanor, I.C. § 7.1-5-1-3. On August 17, 2012, the trial court conducted a bench trial. At the close of the evidence, the trial court found Franklin guilty as charged and the court sentenced him to time served.

Franklin now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Admission of Evidence*

Franklin contends that the trial court abused its discretion when it admitted his statement to the Officer that he had consumed a couple of beers and taken his Vicodin. In Indiana, a trial court has broad discretion in ruling on the admissibility of evidence. As a result, we review the admission of evidence for an abuse of discretion. *Butler v. State*, 951 N.E.2d 641, 654 (Ind. Ct. App. 2011). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id*. We do not reweigh the evidence, and we consider conflicting evidence in a light most favorable to the trial court's ruling. *Id*.

Franklin asserts that the statement was admitted in violation of his *Miranda* rights under the Fifth Amendment of the United States Constitution.[1] Specifically, he claims

---

[1] Franklin also makes a similar argument under Article 1, Section 11 of the Indiana Constitution. However, because Franklin failed to raise this argument before the trial court and now raises it for the first time on appeal, we consider his claim waived. *See, e.g., Small v. State*, 736 N.E.2d 742, 747 (Ind. 2000).

3

that although he was in handcuffs at the time he gave the statement, the Officer had not given him his *Miranda* warnings.

*Miranda* warnings are based upon the Fifth Amendment of the United States Constitution and require that a suspect be informed of his right to the presence and advice of counsel during a custodial interrogation by the police. *Wright v. State*, 766 N.E.2d 1223, 1229 (Ind. Ct. App. 2002). *Miranda* requires that officers advise a person who has been "taken into custody or otherwise deprived of his freedom of action in any significant way" that he has the right to remain silent and that any statement he makes may be used as evidence against him. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Statements elicited in violation of *Miranda* are generally inadmissible in a criminal trial and subject to a motion to suppress. *Loving v. State*, 647 N.E.2d 1123, 1125 (Ind. 1995).

However, the *Miranda* safeguards only attach when the suspect is subjected to custodial interrogation. *Wright*, 766 N.E.2d at 1229. Absent custodial interrogation, there is no infringement of the Fifth Amendment rights identified in *Miranda*. *Id*. To determine whether a person was in custody, we examine all of the circumstances surrounding the interrogation. *Id*. While no bright line test had developed to determine when an investigatory detention moves beyond a mere *Terry* stop[2] and becomes a custodial interrogation, the ultimate inquiry is simply whether there had been a formal

---

[2] An officer may conduct an investigatory stop and search for weapons, consistent with the Fourth Amendment, when the circumstances warrant a belief that the officer's safety or that of other was in danger. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

4

arrest or restraint on freedom of movement to the degree associated with a formal arrest. *Id*. at 1229-30.

An arrest occurs when police officers interrupt the freedom of the accused and restrict his liberty of movement. *Id*. at 1230. Whether a person is in custody at a given time depends not on the subjective views of either the interrogating officer or the subject being questioned, but upon the objective circumstances. *Id*. An officer's knowledge and beliefs are only relevant to the question of custody if adequately conveyed, through words or actions, to the individual being questioned. *Id*. The test is how a reasonable person in the suspect's circumstances would understand the situation. *Id*.

Franklin contends that because he was detained and handcuffed, he must have been in custody for purposes of *Miranda* warnings. We disagree. Established caselaw allows an officer making a traffic stop to detain a person upon reasonable suspicion of criminal activity and to ask questions to determine identity and verify or disprove the officer's suspicions. *Meredith v. State*, 906 N.E.2d 867, 873 (Ind. 2009). *Miranda warnings* are not required prior to general on-the-scene questioning related to obtaining the facts of the crime. *Hatcher v. State*, 410 N.E.2d 1187, 1189 (Ind. 1980).

In *Crabtree v. State*, 762 N.E.2d 241 (Ind. Ct. App. 2002), the defendant, Crabtree, failed to comply with an officer's orders and was handcuffed as a result. *Id*. at 246. Still, because the handcuffing was coupled with reasonable suspicion, we found the officer's interaction with Crabtree to be an investigatory stop that implicated *Terry* Fourth Amendment protections; thus, the admission of the evidence seized pursuant to the stop was not error because the officer had reasonable suspicion that criminal activity

5

had occurred. *Id*. at 247. Likewise, in *Johnson v. State*, 710 N.E.2d 925 (Ind. Ct. App. 1999), we found that handcuffing a person apprehended because he fit the description of a suspect who fled from the police was a proper investigatory detention based on the reasonable suspicion derived from the totality of the circumstances. *Id*. at 927-28.

Here, Officer Daniels had reasonable suspicion to stop Franklin for investigatory purposes and the subsequent additional seizure of placing Franklin in handcuffs did not rise to the level of a formal arrest. Officer Daniels responded to a dispatch report of an individual who was stumbling around in a store, and refused to leave. When Officer Daniels arrived at the store, she saw Franklin outside the store, "stumbling a bit." (Tr. p. 6). Officer Daniels grabbed him and helped him over to the curb where she sat him down and where she handcuffed him. (Tr. p. 6). Based on Franklin's conduct, the Officer had reasonable suspicion that criminal activity had occurred. While conducting her investigation, she asked Franklin two questions: his identification and if he had to anything to drink. These questions fit within general on-the-scene questioning related to obtaining the facts of the crime. *See Hatcher v. State*, 410 N.E.2d 1187, 1189 (Ind. 1980). Although Franklin was detained for purposes of a *Terry* stop, at no point, did the restraint on his freedom of movement amount to the degree associated with a formal arrest which would have required *Miranda* warnings. Therefore, we conclude that the trial court did not abuse its discretion when it admitted Franklin's statements.

## II. *Sufficiency*

Next, Franklin contends that the State failed to present sufficient evidence beyond a reasonable doubt to sustain his conviction for public intoxication as a Class B

misdemeanor. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. *Perez v. State*, 872 N.E.2d 208, 212-13 (Ind. Ct. App. 2007), *trans. denied*. We will consider only the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. *See id*. at 213. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Id*.

To convict Franklin of public intoxication, the State was required to establish beyond a reasonable doubt that Franklin was in a public place and in a state of intoxication caused by his use of alcohol or a controlled substance. *See* I.C. § 7.1-5-1-3. While Franklin does not contest that he was in a public place, he does challenge the trial court's finding that he was intoxicated.

Indiana Code section 9-13-2-86 defines intoxicated as "under the influence of (1) alcohol, (2) a controlled substance, (3) a drug other than alcohol or a controlled substance . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." The State need not present separate proof of impairment of action, impairment of thought, and loss of control of faculties to establish an individual's intoxication. *Curtis v. State*, 937 N.E.2d 868, 873 (Ind. Ct. App. 2010). Rather, a person's impairment is to be determined by considering his capability as a whole, not component by component, such that impairment of any of these three abilities equals impairment. *Id*. And such impairment can be established by evidence of: (1) the

consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech. *Id.*

Officer Daniels testified that Franklin was unsteady on his feet and was stumbling a bit. She also detected the odor of alcohol on Franklin's breath, and noticed that his eyes were red and his pupils constricted. Officer Daniels had to keep waking Franklin up as he was falling asleep. Franklin admitted that he had consumed "a couple of beers" and had taken some Vicodin. In addition, Officer Daniels testified that in her opinion Franklin "was under the influence of some substance, whether it be the alcohol [] or the Vicodin[.]" (Tr. p. 12). *See Wright v. State*, 772 N.E.2d 449, 460 (Ind. Ct. App. 2002)(With respect to the sufficiency of the evidence upon the element of intoxication, it is established that a non-expert witness may offer an opinion upon intoxication, and a conviction may be sustained upon the sole testimony of the arresting officer.). In short, the evidence was sufficient to support Franklin's conviction for a Class B misdemeanor intoxication.

CONCLUSION

Based on the foregoing, we conclude that the trial court properly admitted Franklin's statements to the police officers; and the State presented sufficient evidence beyond a reasonable doubt to sustain Franklin's conviction.

Affirmed.

BARNES, J. concurs

BAKER, J. concurs in result with separate opinion

8

# IN THE
# COURT OF APPEALS OF INDIANA

ENRI FRANKLIN,                              )
                                            )
    Appellant-Defendant,             )
                                            )
         vs.               )     No. 49A05-1209-CR-464
                                            )
STATE OF INDIANA,                           )
                                            )
    Appellee-Plaintiff.              )

**BAKER, Judge, concurring in result.**

While I agree with the majority's decision to affirm Franklin's conviction, I part ways with the determination that Franklin was not in custody during Officer Daniels's questioning. As the majority acknowledges, Franklin was detained and handcuffed when he was questioned. Slip op. at 5. Under these circumstances, I believe that Franklin was in custody at that time. In other words, it is my view that Miranda applies because what occurred went beyond a police officer's mere "on-the-scene questioning" that related to obtaining the facts of the crime. Hatcher v. State, 410 N.E.2d 1187, 1189 (Ind. 1980) (observing that general on-the-scene questioning that relates to the facts of the crime does not typically implicate the Miranda rule).

9

Nonetheless, even if the trial court erred in admitting Franklin's statements into evidence, the error was harmless and Franklin's conviction can still be affirmed. See Wright v. State, 766 N.E.2d 1223, 1231 (Ind. Ct. App. 2002) (holding that statements obtained in violation of Miranda are subject to a harmless error analysis). Indeed, the State presented evidence of guilt independent of Franklin's statements. As the majority acknowledges, the record shows that the police officers observed Franklin stumble and had to help him to the curb. Slip op. at 8. Officer Daniels smelled alcohol on Franklin's breath and observed that his eyes were red and his pupils were constricted. Id. The officers also had wake Franklin up several times because he kept falling asleep. In light of Officer Daniels's training and experience as a police officer, it was her opinion that Franklin was "under the influence of some substance." Tr. p. 12.

In my view, the officers' observations and interactions with Franklin, alone, were sufficient for the factfinder to conclude that Franklin was intoxicated. Thus, I would affirm Franklin's conviction on this basis.